Smith, J.
The errors assigned in this case are, that the court of common pleas erred in sustaining the demurrers interposed *37 by the defendants to the amended petition of the plaintiff,, and in dismissing the said action at the costs of the relator..
The petition is a long one, but the question for decision is this: Whether, when the board of administration, or its successor, the board of city affairs,' has prepared the necessary preliminary estimate, plans and specifications, and has passed the necessary resolutions and ordinances, and taken all the steps required by law, and advertised for bids for the construction of a trunk sewer and drains, etc,, the expense thereof to be paid out of the trunk sewer fund of the-city, and that several bids for the construction of the same were duly submitted to the board, and said bids opened and submitted to the engineer of the city for computation and report, and the engineer duly reports to the board that George Sherry & Co. were the lowest bidders in the aggregate for said work, and that the relator W. J. Strack was-the next lowest bidder therefor, and the fact was that all the bids submitted were for the entire work in the aggregate, And that on March 81, 1898, the board approved the computation of bids as reported, and awarded the contract to George Sherry & Co., and passed a resolution to contract with said George Sherry & Co. according to their bid, and such contract was signed April 25, 1898, bond having been given by George Sherry & Co. on April 22. The question is whether such contract is valid under the circumstances now stated, viz: First, that the bid of George Sherry & Co. did not set forth therein the full name of every person interested in the same, as required by section 2303, subdivision 4; that John McDonnell and others are-members of said firm of George Sherry & Co., aDd that said John McDonnell was a defaulter on an obligation to the city of Cincinnati, in the manner pointed out in the petition in this case.
And, second, if the bid of the relator was in every respect a legal and proper bid, and he had never defaulted on. *38 any obligation to the city, and he was the lowest responsible bidder who had complied with all the requirements of the board and of the law, and he is ready and willing to enter into a contract with the city on the terms of his bid, and is able to comply with all the requirements of the board and perform the obligations of the contract, is he now, having promptly filed his petition in mandamus, asking for a writ requiring the board to accept his bid, award the contract to him, and enter into such contract with him, though the contract had been made with George Sherry & Co., (who however had not entered upon the construction of said improvement when the petition in mandamus was filed), and that said contract with George Sherry& Co. be •cancelled and set aside — is he entitled to such a writ?
As to the first of these two questions, we are of the opinion that the provisions of section 3803, subdivision 4, Revised Statutes, are mandatory, and must be strictly complied with, and that the board has no legal right to enter in'to a contract with a bidder or bidders who fail to comply with the provisions thereof, and that in a proper case, the making of such contract should be enjoined by the court, ■or if made, should be cancelled? So too, section 2702-2, Revised Statutes, which provides that “no bid shall be ac•cepted from, or contract awarded to any person who is a •defaulter as surety or otherwise, upon any obligation to the corporation”, and which applies to the city of Cincinnati, we think, is mandatory in its character, and was another reason why the contract should not have been made with a firm of which one of the members, according to the allegations of the petition, was such a defaulter.
As to the second question we have had more difficulty — That, is, where through inadvertence or otherwise, the board has entered into a contract with a person who was the low-sat bidder, but who had not complied with this or other *39 mandatory provisions of the statute, and who therefore is not entitled to be considered as a bidder, is the next lowest bidder, if he has complied in all respects with those requirements, absolutely entitled to have the contract awarded to him at his said bid ?
On consideration we have reached the conclusion that ho-is not. Subdivision 6, of the same section 2303, gives the-right to council, (in this case the board) “in its discretion-to reject all bids”. Under this authority, the board would have had the clear right to reject all the bids in this case, even if it had discovered that the bid of George Sherry &• Go. could not be considered. If through oversight or other-wise they have awarded and entered into a contract with a-firm with whom the law does not allow them so to contract, .when this is discovered, why should the board not have the’ same right to reject all the other bids, though the next lowest bid may have all the essential requisites? We think-' this is so, and to hold the contrary might lead to great loss-' and damage to the corporation. The next lowest bid maybe an exorbitant one — -thousands of dollars higher tham the one which did not comply with the terms of the statute and therefore should not have been considered by the board. In this case, as the bid of George Sherry & Go. was the lowest, it is probable that the bid of the relator was never considered, and if it had been the lowest one, might have been rejected as exorbitant. If the bid of George Sherry .& Go. had been in all respects legal, and the contract had been awarded to them, and then they had refused to enter into the contract, we suppose it would not be-claimed that the relator as the next lowest bidder would-have had the absolute right to the contract, and we think the same is the case here.
Much reliance is placed by counsel on the decision of this-court in the case of Herrmann v. State, 11 O. C. C., 504. *40 Only two of the members of the court as it was then constituted, agreed with that part of the decision which held that in a case like that before the court at that time the next lowest bidder was entitled to the contract if proper steps had been taken by him. It was really not necessary to pass upon that question, as all of the judges concurred in the opinion that the relator there had no standing in court on account of his laches, in allowing the other person to whom the contract had been awarded, to proceed with his work under it. But, on further consideration of the question, we think the principle there stated as to the next lowest bidder being entitled to the contract, was incorrect, and not sustained by the authorities cited.
F. M. Dinsmore, for Relator.
Corporation Counsel, for Defendants.
In this case there seems to have been no laches on the part of the relator. He commenced this proceeding promptly •and before work was commenced by George Sherry & Go. But so far as appears from the allegations of the petition, no demand was made by relator to the board to award him the contract before the commencement of the proceeding. Whether it was necessary to do so, we are not called upon to say, and have not considered the question.
There is a prayer in the petition, that the court declare the contract with George Sherry & Go. to be invalid, and decree its cancellation. We think it can not be done in a mandamus proceeding, which “is one in the name of the state, to require a tribunal, corporation, board, or person to perform an act which the law specially enjoins as a duty resulting from an office, trustor station.” The relief last asked by the petition, can not be granted in such a proceeding. Nor do we think the law requires this board to award the contract to the relator under the circumstances set out in the petition.
The judgment of the court of common pleas dismissing *the petition is therefore affirmed